IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 1, 2006

## CLYDE LEE BLACKMON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 03-02936     James C. Beasley, Jr., Judge**

_____

**No. W2005-02570-CCA-R3-PC  - Filed October 13, 2006**

_____

The petitioner, Clyde Lee Blackmon, appeals as of right the Shelby County Criminal Court's denying his petition for post-conviction relief from his 2004 conviction of second degree murder, a Class A felony, for which he is serving a twenty-five-year sentence as a Range I, violent offender.  The petitioner claims he received the ineffective assistance of counsel, which rendered his guilty plea involuntary.  We conclude no error exists, and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P. J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

Vicki M. Carriker, Memphis, Tennessee, for the appellant, Clyde Lee Blackmon.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Theresa Smith McCusker, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner's plea hearing transcript reflects that the petitioner shot and killed a security guard at an apartment complex where the petitioner and an accomplice were attempting to steal car radios.  The petitioner was charged with first degree murder.  At the time of his plea, the petitioner was twenty years old and had a high school education.  He agreed to enter a guilty plea to second degree murder and to accept a twenty-five-year sentence to be served at 100% as a violent offender.  He acknowledged that he would serve the sentence day-for-day.  The petitioner said that he did not want to go to trial, that he wanted to enter the guilty plea, and that he was satisfied with the services of his attorney.

Several months later, the petitioner filed this post-conviction action in which he alleged that counsel had been ineffective in failing to obtain a mental examination, failing to challenge the

admissibility of his accomplice's statement to the police, and failing to challenge the determination of his sentence range. Counsel was appointed, and additional allegations were added. Those allegations were that the petitioner's plea was involuntary because counsel failed to communicate to the petitioner the amount of time he would actually serve in the Department of Correction before release and that counsel failed to file a motion to suppress a statement the petitioner gave while injured and under the influence of medication.

The trial court conducted a hearing, at which the petitioner limited his issues to whether counsel had been ineffective in (1) failing to explain that the petitioner's sentence would be served at 100%, and (2) failing to file a motion to suppress the petitioner's statement. Both the petitioner and his trial attorney testified.

The petitioner's trial counsel testified that he was certain he advised the petitioner of the 100% service aspect of the sentence. Counsel said that the petitioner did not like either alternative before him – pleading guilty and serving a twenty-five-year sentence or going to trial and likely receiving a life sentence. Counsel said that the petitioner knew what the evidence was against him. Counsel testified that the state had a very strong case against the petitioner and that he was somewhat surprised to have received the settlement offer under these circumstances. Counsel testified that he strongly advocated the settlement agreement to the petitioner because it gave him an opportunity to live some of his life outside prison walls in the future. He said, however, that the decision to enter the plea was the petitioner's own after consulting with counsel and his family. Counsel characterized his decision not to file a motion to suppress as a strategic one because the statement was consistent with the self-defense theory he intended to put forward if the case went to trial.

The petitioner testified that he consulted with counsel before entering his plea and that they discussed the evidence and a theory of self-defense. The petitioner, who had been in pre-trial detention since the time of his crime, said that he understood from counsel that he would only serve "five more years" of his twenty-five-year sentence. He claimed that counsel never told him the sentence carried essentially no release eligibility and that he did not learn how long he would actually be incarcerated until he reached the Department of Correction. The petitioner testified that he was inexperienced in the criminal justice system and did not understand the guilty plea paperwork or the admonitions from the court about release eligibility at his plea hearing. The petitioner also testified that he and counsel discussed filing a motion to suppress. The petitioner said that he wanted counsel to file the motion but that counsel thought the statement was helpful to the defense. The petitioner said this was the reason the motion was not filed. He said that ultimately he deferred to counsel's expertise on this issue.

At the conclusion of the hearing, the trial court accredited the testimony of counsel that he had correctly advised the petitioner of the ramifications of the plea agreement, including the sentence he would receive and the release eligibility for that sentence. The court found that the petitioner had received the effective assistance of counsel and that he had entered his guilty plea knowingly and voluntarily. The post-conviction court also rejected the petitioner's claim that trial counsel should have filed a motion to suppress. The court found that counsel made an informed, strategic decision

not to file the motion and that the decision did not constitute ineffective assistance of counsel. Based upon these findings, the trial court denied relief.

In his appeal, the petitioner raises only the question of the voluntariness of his plea based upon counsel's failure to advise him adequately about release eligibility. In the lower court, the burden was on the petitioner to prove by clear and convincing evidence the factual allegations that would entitle him to relief. T.C.A. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. See Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). In this respect, the petitioner, as the appellant, has the burden of illustrating how the evidence preponderates against the judgment entered. Id. However, we review the trial court's conclusion regarding the effectiveness of counsel de novo because it involves a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner will only prevail on a claim of ineffective assistance of counsel after satisfying both prongs of the Strickland test. See Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). The performance prong requires a petitioner raising a claim of ineffectiveness to show that the counsel's representation fell below an objective standard of reasonableness or "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. The prejudice prong requires a petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., 104 S. Ct. at 2068. Failure to satisfy either prong results in the denial of relief. Id. at 697, 104 S. Ct. at 2069.

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974), and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's

perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance. Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. See DeCoster, 487 F.2d at 1201.

When evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970). The court reviewing the voluntariness of a guilty plea must look to the totality of the circumstances. See State v. Turner, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). The circumstances include

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (citing Caudill v. Jago, 747 F.2d 1046, 1052 (6th Cir. 1984)). A plea resulting from ignorance, misunderstanding, coercion, inducement, or threats is not "voluntary." Id.

In the present case, the petitioner testified that his attorney did not tell him he would serve 100% of his twenty-five-year sentence. Trial counsel testified that he did. The record of the plea hearing reflects that the court advised the petitioner in this regard and that the petitioner acknowledged his understanding. The trial court found that counsel was not ineffective, that the petitioner was advised of his rights, and that the petitioner entered his guilty plea knowingly, intelligently, and voluntarily. Upon review, the evidence of record does not preponderate against the trial court's findings, which support the conclusions reached. Thus, the petitioner has not established that he is entitled to appellate relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE